**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**L.W., as natural guardian and as
next friend of E.W., a minor child**

      Plaintiff,

 vs.                                     CIVIL NO. 02-485 DJS/RLP

**GALLUP McKINLEY COUNTY SCHOOL
BOARD, et al.,**

      Defendants.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Gallup McKinley County

School Board's (Defendant School Board) Motion to Dismiss filed July 15, 2002. Plaintiff

filed a Complaint for Damages for Deprivation of Civil Rights and Related Claims on April

29, 2002. His Complaint arises from his alleged sexual abuse by a school counselor.

Defendant is seeking an order dismissing all claims against it. Upon review of the

pleadings and being otherwise advised in the premises, the Court finds that Defendant

School Board's Motion is well taken and will be granted.

**Legal Standard**

A Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can

be granted tests the legal sufficiency of a complaint. A complaint should not be dismissed

for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Curtis Ambulance of Florida, Inc. v Board of County Commn of the County of Shawnee, Kansas, 811 F. 2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12( b)( 6), the Court must accept as true all well-pleaded allegations in the complaint and construe them in the light most favorable to the plaintiff. Stidham v. Peace Officer Standards and Training, 265 F. 3d 1144, 1149 (10th Cir. 2001).

**Allegations**

Construing Plaintiff's Complaint pursuant to Rule 12 (b)(6), Plaintiff alleges the following:

In 1996, the Plaintiff, E.W., was a student at Navajo Elementary School located in Navajo, New Mexico. In 1996 Defendant Dando was employed by Defendant School Board as a counselor at Navajo Elementary School. While in his office, Dando administered an unknown form of medication to E.W. and sexually assaulted E.W. The assaults took place on more than one occasion. After the assaults, E.W. began to act out and exhibit serious behavioral and physical problems. In spite of this behavior school personnel repeatedly referred E.W. to Dando, "resulting in his further victimization." Complaint, ¶12. Dando victimized E.W. due to his gender.

The School Board had a history of hiring sexually deviate teachers, administrators and employees. Specifically, Plaintiff alleges:

> The School Board hired a Superintendent who was engaged in sexual deviance, and who was violently murdered by his lover, himself a school principal hired by the School Board. It hired a transsexual teacher, and a transvestite Assistant Principal.

in    It hired a teacher who sold illegal drugs to students, and a teacher who engaged
sexual contact with students of all ages.  It hired chronic alcoholics and people with
mental disorders.  It hired child molesters and sex offenders at every level form
principal to teacher to janitor.
Complaint, ¶10.

**Count I-Title IX of the Education Amendments of 1972**

Title IX provides in part that, "no person...shall, on the basis of sex, be excluded

from participation in, be denied the benefits of, or be subjected to discrimination under any

education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a).

Title IX is enforceable through an implied private right of action.  Cannon v. University of

Chicago, 441 U.S. 677, 708 (1979).

A school can only be held liable under Title IX for sexual harassment perpetrated

by a teacher when an official of the district, who has the authority to institute corrective

measures on the school's behalf, has actual notice of the misconduct.  Gebser v. Lago

Vista Independent School District, 524 U.S. 274, 285 (1998).  In this case there are no

allegations that the Defendant School Board or an official of the school district had actual

notice of the alleged sexual misconduct.

Further, the allegations asserted by the Plaintiff do not give rise to any liability on

the part of the Defendant School Board.  It appears from the allegations in the Complaint

that Plaintiff asserts that the Defendant School Board was on constructive notice or is

liable for the failure to implement or enforce policies prohibiting sexual abuse.  Plaintiff

asserts that the School Board subjected school children to sexually deviant behavior.

Complaint, ¶ 10.  Plaintiff also asserts that Defendant School Board should have been put

on notice by Plaintiff's behavioral and physical problems.  These theories were expressly

3

rejected by the Supreme Court in Gebser. Gebser 524 U.S at 288 ("Most significantly, Title IX contains important clues that Congress did not intend to allow recovery in damages where liability rests solely on principles of vicarious liability or constructive notice."). The high standard imposed in Gebser "sought to eliminate any 'risk that the recipient would be liable in damages not for its own official decision but instead for its employees' independent actions.'" Davis v. Monroe County Board of Education, 526 U.S. 629 (1999). The allegations in Plaintiff's Complaint are not sufficient to give any official actual notice of the alleged sexual misconduct. The Complaint does not allege that any school official knew of the sexual misconduct involving the Plaintiff.

Plaintiff argues that the Supreme Court in Davis changed the standard to deliberate indifference. Plaintiff is mistaken. Gebser established the deliberate indifference standard. Gebser 524 U.S. at 290. ("We think, moreover, that the response must amount to deliberate indifference to discrimination.") The issue in the Davis case was whether a Plaintiff could prevail against a school board where there was "student-on-student harassment. Davis, 526 U.S. at 639. In Davis, the Supreme Court again required, *inter alia*, actual notice. Id. at 654.

**Count II-42 U.S.C. §1983**

In Count II, Plaintiff asserts substantive due process and equal protection claims pursuant to 42 U.S.C. §1983. To establish liability Plaintiff must demonstrate that the Defendant counselors actions were representative of an official policy or custom of the Defendant School Board or were taken by an official with final policy making authority. Murrell v. School Dist. No, 1, 186 F.3d 1238, 1246 (10th Cir. 1999). It is not alleged that

the counselor was a school official with final policy making authority.

Plaintiff asserts in the brief that Defendant has "de facto policies" and practices that were so longstanding that they were a "custom or usage" by the Defendant. Response, p. 3. A "custom" for purposes of liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978). To be considered the force of "law", it must involve "deeply embedded traditional ways of carrying out state policy." Nashville, Chattanooga & St. Louis Ry. Co. v. Browning, 310 U.S. 362, 369 (1940). Further it must reflect a course of action deliberately chosen from among various alternatives. City of Oklahoma v. Tuttle, 471 U.S. 808, 823 (1985). "In short, a 'custom' is a 'legal institution' not memorialized by written law." Doe v. Clairborne County, Tennessee, 103 F.3d 495, 508 (6th Cir. 1996) *citing* Feliciano v. City of Cleveland, 988 F.2d 649, 655 (6th Cir., *cert. denied* 510 U.S. 826 (1993).

Plaintiff alleges sexual deviance between a superintendent and a principal; the hiring of a transsexual and transvestite; a teacher who sold illegal drugs to student as and a teacher who engaged in sexual contact with students. The latter is the only allegation of sexual misconduct by a teacher toward students. This is not sufficient to be the basis of a liability claim against the Defendant School Board. It does not show that the acts were "sufficiently widespread and pervasive so as to constitute a "custom" Murrell, 186 F.3d at 1250. Assuming as true the allegations that individuals in the school system engaged in sexually inappropriate conduct, that conduct is not sufficient to establish a custom of sexual abuse towards students.

**Counts III and IV**

In Counts III and IV, Plaintiff alleges state tort claims, battery, tort *per se* and negligent hiring and supervision. Defendant argues that the Defendant School Board is granted immunity from suit on these claims. §41-4-5 NMSA 1978. Plaintiff concedes that this position is correct.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant School Board's Motion to Dismiss is granted and all claim against the Defendant School Board are dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**